Parker C. J.
delivered the opinion of the Court. The question presented by this report is, whether the plaintiffs have the property in the goods taken by the defendant under the writ of attachment in virtue of which he acted ; and this depends upon their right to rescind the contract of sale, under which the goods were shipped by their agent in Liverpool. All the facts appear in this case, which by the law merchant are necessary to constitute the right of the vendor to take the goods, before they come into the possession of the vendee. The goods were shipped by the plaintiffs in England to Pickering, a merchant in Portsmouth, on an order sent out by him ; they were shipped on his account and risk, upon a credit of four months ; they arrived in the port of Boston, but before they were delivered to the consignee, or were unladen from the vessel, they were demanded by an agent of the plaintiffs, who had procured a relinquishment of the consignment, the consignee having .become insolvent. There can be no doubt that the goods were then in transitu ; for notwithstanding the arrival of the vessel, they had not been discharged from the ship, nor had they been taken possession of by any one for the consignee.[1]
What then are the objections to the plaintiffs’ right to recover ? The owner or master of the ship had no right to retain the goods ; for the freight, on account of which alone they had a lien, had been offered to be paid.
But it is said, that before any claim was made for the goods *209 by the agent of the plaintiffs, they were attached by the defendant as the property of Pickering ; and the return of the officer is said to be conclusive of this fact. The fact of an attachment is disputed, because by the paroi evidence it appears, that there was no actual seizure of the goods by the officer, before the claim of the plaintiffs was made known to the master of the ship. On the other hand it is said, that the offir f s return is conclusive of the attachment ; and even if it is not conclusive, the officer having made a demand of the goods, tendered the freight, placed a keeper in the vessel with orders to take possession of the goods as they should come out of the hold, and afterwards having obtained actual possession, the attachment was complete. We are inclined to this opinion, but we do not think the point material.[1] For if the plaintiffs had the right of stopping and reclaiming the goods, and duly exercised the right, the intervening attachment could not defeat it. This right is founded upon an implied condition in the sale, that if the vendee should become actually insolvent, between the shipment of the goods and the reception of them by the vendee, the vendor shall have the right to rescind the contract and reclaim the goods. To allow an attachment before the transit is at an end, to have effect, will be to defeat a useful and necessary provision of the law merchant.[2]
But it is thought, that the transactions between the agent of the plaintiffs and the consignee show that the right of stopping in transitu did not exist, or that it was not so exercised as to vest the property in the plaintiffs ; because it is alleged, that the right is adverse to that of the consignee, and must be exercised adversely ; whereas the act of the agent was with the consent and in virtue of an agreement with the consignee, as is proved by the writings and papers referred to. The case of Sijfken v. Wray, 6 East, 371, has been cited in support of this doctrine. There are other cases of the same character; all of which show, that when the vendor claims title under the vendee, as by indorsement of the bill of lading *210 or by any other act of transfer, he does not rely upon his own right of stopping in transitu ; but on the contrary, he affirms and establishes the sale in a manner inconsistent with that right. We suppose this doctrine is correct; indeed it has been adopted by this Court in the case of Lane v. Jackson, cited in the argument. But we understand this doctrine to mean no more, than that the right of stopping in transitu cannot be exercised under a title derived from the consignee ; not that it shall be exercised in hostility to him ; for we find it laid down dn the same case of Lane v. Jackson, and in Feise v. Wray, 3 East, 93, that the consignment may be refused, and that, even by the direction of the consignee, some stranger may be appointed to take possession of the goods for the consignor, though he may be absent, and if he consents afterward, the rescinding of the sale is complete.[1]
This explanation of the doctrine is recognised in Scholfield v. Bell, 14 Mass. R. 40, in which case, even the indorsement of the bill of lading by the consignee was held not to affect the right of stopping in transitu, it appearing that the act was done with a view to facilitate the rescission of the contract.[2]
In this case, the consignee has done nothing more than relinquish his consignment, and the plaintiffs depend upon .their original property, and not upon any transfer or conveyance from the vendee.
It is objected also to the exercise of this right by the plaintiffs, that the consignee did not become insolvent until after the arrival of the goods ; by which is supposed to be meant, that his insolvency was not known or declared. But we do not see how this can affect the question. We do not find, that the right of stopping depends upon a declared insolvency or open bankruptcy before the arrival of the goods. It is enough that the affairs of the consignee are so involved, that *211 ne is enable to pay for the goods, if he was to pay on delivcry ; or that he has become actually insolvent before he shall have taken possession.
The insolvency of this consignee was public before the goods came to his possession, and before the plaintiffs claimed them ; which is enough to establish their right.[3]

 See Long on Sales, (Band’s ed.) 308 et seq.; Chitty on Contr. (4th Am ed.) 342 et seq

 But ace Harris v. Bennie, 3 Peters, 292; Bennie v. Harris, 9 Pick. 364. [2] Long on Sales, (Rand’s ed.) 330.

 The stoppage of goods in transitu does not rescind the contract of sale, but places the parties in the same situation, as nearly as may be, in which they would have been, if the vendor had not parted with the possession. Neiohall v. Vargas, 35 Maine R. (3 Shepley,) 314 ; Long on Sales, (Rand's ed.) 337, and see cases cited in note 3 ; Hodgson v, Loy, 7 T. R. 440 ; Tucker v. Humphreys, 4 Bingh. 516; Bloxam v. Saunders, 4 Barn. & Cressw. 941.

 See Chitty on Contr. (4th Am. ed.) 345 ; Walter v. Ross, 2 Wash. Giro C R. 294 ; Hollingsworth v. Napier, 3 Gaines's R. 162.

 See Long on Sales (Rand’s ed.) 307 et seq.; Chitty on Contr. (4th Am. ed.) 341, 342; Newhall v. Vargas_ 15 Maine R. (3 Shepley,) 319.